IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RASSAN TARABEIN, )<br>#16872-003 )<br>  )<br>  Plaintiff, )<br>  ) CIVIL ACTION NO. 24-00328-JB-B<br>v. )<br>  )<br>KATHRYN SCOTT, *et al.*, )<br>  )<br>  Defendants. ) | |

## ORDER

This action is before the Court on Plaintiff, Rassan Tarabein's ("Tarabein") Motion to Recuse Judge Jeffrey Beaverstock Due to Conflict of Interest (Doc. 4) and Motion to Object to Judge Bivins' Order, Request for Reconsideration, and Motion to Compel Judge Beaverstock to Recuse. (Doc. 12). After careful consideration of the issues raised and for the reasons set forth below, Tarabein's motions are DENIED.

**I.    Background**

On September 9, 2024, Tarabein a federal prisoner proceeding *pro se*, filed the instant action seeking relief pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (Doc. 1) and a motion to proceed without prepayment of fees (Doc. 2). Tarabein also filed a motion seeking recusal of Judge Beaverstock. (Doc. 4). This Court granted Tarabein's motion to proceed without prepayment of fees. (Doc. 5). However, the Court also determined that Tarabein must ultimately pay the initial filing fee in full. (*Id*.). As a result, Tarabein was ordered to remit to this Court a partial filing fee of $63.03 and notified that he would remain

obligated to pay the remainder of the fee pursuant to the 28 U.S.C. 1915(b)(2). (*Id*.). Once Tarabein paid the initial filing fee, this Court entered an Order for Payment of Remainder of Prisoner Filing Fee. (Doc. 11). The Order set forth that the remainder of the filing fee was to be paid in monthly increment payments in the amount of twenty percent of the preceding month's income credited to Plaintiff's prisoner account in accordance with 28 U.S.C. §1915(b)(2). (*Id*.). Thus, the Court Ordered that each time the amount in Plaintiff's escrow account exceeds $10.00, the Warden at FPC Montgomery should remit payments to the Clerk of the United States District Court for the Southern District of Alabama until the remaining $289.97 of the filing fee was paid in full. (*Id*.).

On October 30, 2024, Tarabein filed the instant motion seeking reconsideration of Judge Bivins' Order of October 22, 2024 (Doc. 11) and a Motion to Compel Judge Beaverstock to Recuse.[1] (Doc. 12).

**II.   Analysis**

    **A.  Objection and Motion to Reconsider**

Tarabein seeks reconsideration of the Order entered by Magistrate Judge Bivins ordering him to pay the filing fee for his civil action, as the funds become available in his account. First Tarabein contends the subject order, by imposing a financial strain, "infringes upon his rights under the First Amendment, which guarantees the right to petition the government for redress of grievances, and the Fifth Amendment, which protects against deprivation of property without

---

[1] With respect to recusal, Tarabein's combined motion (Doc. 11) incorporates those arguments previously raised in his earlier filed separate motion for recusal (Doc. 4). The undersigned has considered the substance of both motions for recusal, but will primarily refer to the first filed motion as it sets forth Tarabein's position with more specificity. Nevertheless, because both motions present the same arguments, they are both denied.

2

due process." (Doc. 12).  As a result of the alleged financial hardship, Tarabein additionally argues that the Court should "cap" the total deduction from his account at 20%, regardless of the number of cases he files.  This argument rest on Tarabein's acknowledgment that he currently has four pending case that would cumulatively require 80% of his account to be paid to the Court for his pending cases, leaving only 20% of his funds for basic necessities.

Pursuant to the Prison Litigation Reform Act (PLRA), payment of the filing fee is mandatory. 28 U.S.C. § 1915(b). Accordingly, prisoners are responsible for paying their filing fees the moment the civil action or appeal is filed.  Nevertheless, an exception exists for prisoners who have "no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). "However, 'the prisoner is still obligated to pay the full filing fee when the money does become available.' " *Rivera v. Allin*, 144 F.3d 719, 722 n.4 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998) (citation omitted).  As such § 1915(b) permits the Court to assess the funds available to the prisoner, collect a partial payment, and thereafter collect monthly payments of the prisoner's preceding month's income credited to the prisoner's account until the total filing fee has been paid.  "[P]roceeding IFP in a civil case is a privilege, not a right -- fundamental or otherwise*." Rivera*, 144 F.3d at *724.

Tarabein's motion seeking reconsideration of Magistrate Judge Bivins' Order or alternatively seeking a "cap" on the funds deducted from his account is due to be denied.  First, Judge Bivins' Order dictates funds are to be withdrawn from Tarabein's account in accordance with 28 U.S.C. § 1915(b).  Tarabein makes no argument that deduction of funds is inconsistent with the PLRA.  Moreover, Tarabein's' arguments that the withdrawal of funds pursuant to § 1915 creates a financial hardship that results in a Constitutional violation is without merit.  Despite his

3

beliefs, the restriction imposed on Tarabein (payment of the fee in accordance with § 1915) did not block his access to the Court. In fact, it is apparent that Tarabein has been able to file, not one, but four pending lawsuits. Along similar lines, the Eleventh Circuit has previously determined that other portions of § 1915 do not block court access. (*See e.g. Vanderberg v. Donaldson*, 259 F.3d 1321, 1323 (11th Cir. 2001). ("But section 1915(e)(2)(B)(ii) only addresses procedures to be followed by the district court once an inmate's claim is presented before the court. In no way does the section restrict the ability of a prisoner to prepare and file complaints, thereby bringing them to a court's attention.") Accordingly, Tarabein's position does not compel this Court to reconsider its previous determination.

Tarabein additionally argues that the Court should "cap" the total deduction from his account at 20%, regardless of the number of cases he files. This argument rests on Tarabein's acknowledgment that he currently has four pending civil cases which he believes would cumulatively require 80% of his account to be paid to the Court for his pending cases, leaving only 20% of his funds for basic necessities.[2] Again, the Court is not convinced. First, a review of the Tarabein's pending cases indicates that a payment order has only been entered in two (2) of his cases, not all four. Moreover, while Judge Bivins' Order requires the remainder of the filing fee to be paid in monthly increments of 20% of the preceding month's account balance, it also requires that the account must have a balance of over ten (10) dollars. As a result, regardless of the number of cases Tarabein files or has pending, the Court's payment cannot leave Tarabein's

---

[2] Tarabein does not cite to anything for his belief that his account balance would be reduced by 80% and did not submit any documents supporting the same. In fact, it does not appear that the Court has received any payments in any of Tarabein's pending civil cases since October 2024, when payment orders were entered in *two* of his pending actions. Moreover, upon inquiry, it appears that 20% would be taken from Tarabein's account and either applied to each case in order of filing (oldest first) or divided and allocated to each case.

account with a zero balance. Finally, as the Eleventh Circuit has recognized "proceeding IFP in a civil case is a privilege, not a right." *See Rivera, supra.* Importantly, Tarabein's decision to file numerous lawsuits is one of free will and the Court is not persuaded that he, in contrast to any other prisoner, should be relieved of the financial consequences of his choice. Accordingly, Tarabein's motion is due to be denied.

### B. Motion to Recuse

According to Tarabein, Judge Beaverstock should be recused from this action based on a conflict of interest, demonstrated bias, and prejudicial involvement in prior related proceedings. (Doc. 4). More specifically, Tarabein asserts that because Judge Beaverstock presided over the criminal action (where he was allegedly wrongfully convicted based on false evidence) which forms the basis of his current action against the defendants, "Judge Beaverstock cannot be expected to fairly adjudicated the current civil matter arising from the same facts." (Doc. 4). In that respect, Tarabein contends Judge Beaverstock (1) "denied critical defense motions" allowing fabricated evidence to be presented at trial, (2) permitted the "submission of clear exculpatory evidence" resulting in the imposition of a maximum sentence in defiance of precedent, and (3) demonstrated a clear pattern of bias, including religious discrimination of Tarabein who is Muslim. (Doc. 4). As a result, Tarabein argues Judge Beaverstock should recuse himself pursuant to 28 U.S.C § 455(a) and (b)(1) and *Liteky v. United States*, 510 U.S. 540 (1994).

Section 455(a), requires recusal "in any proceeding in which his impartiality might reasonably be questioned." "The test is whether an objective disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524

(11th Cir. 1988).  Section 455(b)(1) requires disqualification when a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding".

As an initial matter, Tarabein has previously sought, without success, the recusal of Judge Beaverstock in his criminal action.  As a result, Tarabein is familiar with the considerations for recusal and has previously been informed those standards have not been met with respect to the undersigned.  The motion for recusal in this action suffers the same fate.  Although Tarabein uses words such as "unfair", "biased", "prejudiced", "impartial", and the like, he cannot point to any support for his allegations.  Instead, Tarabein points generally to the fact that Judge Beaverstock denied motions or permitted evidence in his criminal proceedings.  As the Court has previously informed Tarabein, disagreement with a Court's decision is not evidence of impartiality or a valid ground for recusal. *See Nelson v. Saul*, No. CV 18-00385-CG-N, 2020 WL 1315716, at *7 (S.D. Ala. Feb. 6, 2020), R & R adopted, No.CV 18-00385-CG-N, 2020 WL 1310477 (S.D. Ala. Mar. 19, 2020) (rejecting challenge to judge's impartiality that was premised on nothing more than a disagreement with the decision); *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009) (explaining that challenges to adverse rulings are not grounds for recusal).  Similarly, Tarabein has failed to show any evidence of religious bias.  Again, he simply states he is Muslim without any reference to allegedly prejudicial conduct based on the same.  As a result, Tarabein has presented no evidence to support the recusal of the undersigned, and his motion is due to be denied.

6

### III.  Conclusion

After careful consideration of the issues raised and for the reasons set forth above, Tarabein's motions (Docs. 4 and 12) are DENIED.

**DONE and ORDERED** this 27th day of March, 2025.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE
